# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 129

State of North Dakota,                                   Plaintiff and Appellee

  v.

Shon Taylor,                                        Defendant and Appellant

### No. 20220038

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED AND REMANDED.

Per Curiam.

Christopher W. Nelson, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

# State v. Taylor
## No. 20220038

**Per curiam.**

[¶1]   Shon Taylor appeals from an amended criminal judgment entered after he pled guilty to burglary and was ordered to pay restitution. The district court ordered Taylor pay restitution in the amount of $57,013, including $13,355.38 payable to State Farm Fire and Casualty Company and $43,657.62 payable to the victim listed on the confidential information form. On appeal, Taylor argues the district court erred in ordering restitution because the failure to question one of the witnesses about the value of the stolen items was an obvious error and there was a clerical error in calculating the amount of his restitution. Taylor and the State agree there was a mathematical error in calculating the amount of restitution Taylor was ordered to pay the victim and the restitution should be reduced by $1,000. We direct the district court to modify the amended judgment and reduce the amount of restitution Taylor is ordered to pay the victim to $42,657.62 and the total amount of restitution to $56,013. Except for the clerical error in the amount of the restitution, we conclude the district court acted within statutory limits. *State v. McGowen*, 2020 ND 121, ¶ 25, 943 N.W.2d 817 (stating a restitution order is reviewed to determine whether the district court acted within statutory limits, which is similar to the abuse of discretion standard of review). We affirm the amended judgment, except the clerical error, under N.D.R.App.P. 35.1(a)(2) and (4), and remand for the court to correct the clerical error.

[¶2]   Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte